IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

**HELENA DIVISION**

_____

| | |
|---|---|
| LYLE HERMAN, | Cause No.  CV 08-060-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| SGT. SHARKEY, et al. | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and his proposed Complaint submitted pursuant to 42 U.S.C. § 1983.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration and an account statement which this Court deems sufficient for purposes of this case to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Pursuant to 28 U.S.C. § 1915(b)(1) Plaintiff is required to pay the statutory filing fee for this action of $350.00.  Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee.  However, Plaintiff is obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS COMPLAINT – CV-08-0060-H-DWM-RKS / PAGE 1

in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.  Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants are responsible for the loss of his personal property.  The Court has liberally construed this allegation as an attempt to state a claim for deprivation of property without due process of law in violation of the Fourteenth Amendment of the United States Constitution.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.  Parties

Plaintiff is a pro se prisoner incarcerated at the Montana State Prison.

The named Defendants are:  Sergeant Sharkey, Officer Black, Officer Hatcher, Michele Steyh, Officer Foot, Ross Swanson, and the Department of Corrections Grievance Coordinator.

### C.  Plaintiff's Allegations

Plaintiff's Complaint states:  "I want staff at Montana State Prison to insure an inmate rolls his own property up before going to lock up as this is the 3rd time I have lost property and no one wants to pay you for what they are responsible for losing!  I also want all staff members reprimanded by the courts for an inmate having to put burden on the courts because they make an inmate go this far when its so obvious what the inmate is missing on paper!"  (Document 2, p. 4).

## III.  PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to

screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds the complaint is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127

S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200 127 S.Ct. 2197, 167 L.Ed.2d 1081; *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

### B. Fourteenth Amendment Due Process Claim

Although Plaintiff's Complaint is somewhat unclear, the Court can construe two possible claims. First, Plaintiff could be alleging that Defendants negligently lost his property. However, mere negligence by a state official does not deprive an individual of liberty or property for purposes of procedural due process. *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d (1986).

Even if Plaintiff is alleging an unauthorized taking of his property, it would still be insufficient to state a claim for relief under the United States Constitution. In *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the United States Supreme Court explained that a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation:

> [A]n unauthorized *intentional* deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.

*Id.* at 533 (emphasis added); *see also Zinermon v. Burch*, 494 U.S. 113, 129-130, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). A

state post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983.  See *Hudson*, 468 U.S. at 531.  In other words, unless the state deprives the plaintiff of the opportunity to be compensated for his lost property, the plaintiff has not been denied due process and has not, therefore, been deprived of his property without due process.

The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et. seq.*, provides an adequate post-deprivation remedy.[1]  *See, e.g.*, Mont. Code Ann. § 2-9-101(1) (2001):

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a . . . *wrongful* act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable, if a private person would be liable and the intentional tort is committed within the scope of employment.  *Id*.  Similarly, state employees are not immune from suit for intentional torts.  To the extent the employees act outside the scope of their employment, they remain subject to liability themselves.  Thus, adequate post-deprivation remedies are available.

Because the Court finds that the Montana Tort Claims Act is an adequate state post-deprivation remedy, Plaintiff cannot state a claim for an intentional deprivation of property under the Due Process Clause of the United States Constitution.

**IV.  CONCLUSION**

---

[1] The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

As Plaintiff has failed to state a federal constitutional violation, this matter will be recommended for dismissal. The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff's case fails to state a federal claim. For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee. While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2. The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on August 28, 2008.

Further, the Court issues the following:

**RECOMMENDATION**

Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court should order the Clerk to have the docket reflect that this dismissal counts as a

strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's failure to state a federal claim.

The Court should also certify pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Plaintiff's claim is frivolous and no reasonable person could suppose that an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 25th day of September, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge