IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LYLE HERMAN, | ) | CV 08-60-H-DWM-RKS |
| Plaintiff, | ) ) ) | |
| vs. | ) | ORDER |
| SGT. SHARKEY, et al., | ) ) ) | |
| Defendants. | ) ) | |

    Plaintiff Herman, a state prisoner proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 alleging deprivation of his property without due process of law. Plaintiff Herman complains that the Defendants either negligently lost or intentionally stole his property on several occasions.

    United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a

-1-

preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends dismissal of the Complaint with prejudice for failure to state a claim. The Magistrate explained that any negligence claim fails because negligent acts do not rise to the level of a constitutional violation. With regard to any allegation of intentional activity, Judge Strong concluded that no constitutional violation is alleged because the state offers an adequate post-deprivation remedy in the form of the Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, *et seq*.

Plaintiff Herman timely filed objections, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Herman's filing does not state an objection, however, but instead requests monetary compensation for the deprivation of his property. This case concerns claims for constitutional violations; Plaintiff Herman may not recover under the Montana Tort Claims Act in this case. He must pursue any claims that he might have under the Montana Tort Claims Act in a separate action filed in the appropriate forum.

Upon de novo review, and having considered the objections filed by Plaintiff Herman, I adopt Judge Strong's Findings and Recommendations in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

DATED this 4th day of December, 2008.

_____
Donald W. Molloy, District Judge
United States District Court

-3-